UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NELSON SHARP and
DESTINY YACHTS, LLC,

      Plaintiffs,

v.

HYLAS YACHTS, LLC,

      Defendant/Third Party Plaintiff,

v.

FORESPAR PRODUCTS CORP.,
GMT COMPOSITES, INC., and
MASTERVOLT, INC.,

      Third-Party Defendants.

C.A. NO. CV-11814-MLW

**ANSWER OF THE THIRD-PARTY DEFENDANT, MASTERVOLT, INC.,
TO HYLAS YACHTS, LLC'S FIRST AMENDED THIRD-PARTY COMPLAINT**

**PARTIES**

    1.    The third-party defendant, Mastervolt, Inc. ("Mastervolt"), is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the amended third-party complaint and, therefore, calls upon the third-party plaintiff, Hylas Yachts, LLC ("Hylas"), to prove those allegations.

    2.    Mastervolt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and, therefore, calls upon Hylas to prove those allegations.

    3.    Mastervolt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and, therefore, calls upon Hylas to prove those allegations.

    4.    Mastervolt admits the allegations set forth in paragraph 4, but denies that it designed, manufactured, or sold the battery chargers referred to in the third-party complaint and the plaintiffs' complaint ("the subject chargers"). Mastervolt further affirmatively alleges that the subject chargers were designed, manufactured, and sold by Mastervolt International BV, a legal entity in the Netherlands with its headquarters

there, which sold and delivered the chargers to Queen Long Marine Co. Ltd., an entity located in Taiwan.

## JURISDICTION AND VENUE

5.      The allegations set forth in Paragraph 5 are legal conclusions to which Mastervolt need not reply.  To the extent these conclusions are construed to require a response, Mastervolt states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and, therefore, calls upon Hylas to prove those allegations.

6.      The allegations set forth in Paragraph 6 are legal conclusions to which Mastervolt need not reply.  To the extent these conclusions are construed to require a response, Mastervolt states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, therefore, calls upon Hylas to prove those allegations.

7.      The allegations set forth in Paragraph 7 are legal conclusions to which Mastervolt need not reply.  To the extent these conclusions are construed to require a response, Mastervolt states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, therefore, calls upon Hylas to prove those allegations.

8.      The allegations set forth in Paragraph 8 are legal conclusions to which Mastervolt need not reply.  To the extent these conclusions are construed to require a response, Mastervolt states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, therefore, calls upon Hylas to prove those allegations.

## FACTS

9.      Mastervolt admits that the plaintiffs' complaint was filed against Hylas on or about October 13, 2011.

10.     Mastervolt admits the allegations set forth in paragraph 10.

11.     Mastervolt admits that the plaintiffs' complaint makes numerous allegations against Hylas, including that certain components of a Yacht were not functioning properly at or near the time of sale.  Mastervolt denies any remaining allegations set forth in paragraph 11 and states that the plaintiffs' complaint speaks for itself.

12.     Mastervolt admits that Hylas answered the plaintiffs' complaint and denied many of the allegations therein.  Mastervolt denies any remaining allegations set forth in paragraph 12 and states that Hylas's answer speaks for itself.

13.     Mastervolt admits that the complaint alleges defects in the yacht supplied by Hylas and that Hylas failed to make adequate and appropriate repairs and/or remedial steps to address problems with the Yacht.  Mastervolt denies any remaining allegations set forth in paragraph 13 and states that the plaintiffs' complaint speaks for itself.

14.     Mastervolt admits that the complaint alleges defects in the yacht supplied by Hylas and that Hylas failed to make adequate and appropriate repairs and/or remedial steps to address problems with the Yacht.  Mastervolt denies any remaining allegations set forth in paragraph 14 and states that the plaintiffs' complaint speaks for itself.

15.     Mastervolt denies the allegations set forth in paragraph 15, which are false because the plaintiffs' complaint neither describes the subject chargers as "defective" nor alleges that they were incorrectly repaired.  Mastervolt further affirmatively alleges that Mastervolt, Inc. did not design, manufacture, or sell the chargers, and, therefore, has no liability for them.

16.     Mastervolt admits that Hylas denies that any of the yacht's components are defective.

17.     Mastervolt denies the allegations set forth in paragraph 17.

18.     Mastervolt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and, therefore, calls upon Hylas to prove those allegations.

19.     Mastervolt admits that the complaint alleges defects in the yacht supplied by Hylas and that Hylas failed to make adequate and appropriate repairs and/or remedial steps to address problems with the Yacht.  Mastervolt denies any remaining allegations set forth in paragraph 19 and states that the plaintiffs' complaint speaks for itself.

20.     Mastervolt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and, therefore, calls upon Hylas to prove those allegations.

21.     Mastervolt admits that the complaint alleges defects in the yacht supplied by Hylas and that Hylas failed to make adequate and appropriate repairs and/or remedial steps to address problems with the Yacht.  Mastervolt denies any remaining allegations set forth in paragraph 21 and states that the plaintiffs' complaint speaks for itself.

22.     Mastervolt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and, therefore, calls upon Hylas to prove those allegations.

23.     Mastervolt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and, therefore, calls upon Hylas to prove those allegations.

24.     Mastervolt admits that the complaint alleges defects in the yacht supplied by Hylas and that Hylas failed to make adequate and appropriate repairs and/or remedial steps to address problems with the Yacht.  Mastervolt denies any remaining allegations set forth in paragraph 24 and states that the plaintiffs' complaint speaks for itself.

25.     Mastervolt is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and, therefore, calls upon Hylas to prove those allegations.

26.     Mastervolt denies the allegations set forth in paragraph 26, which are false because the plaintiffs' complaint neither describes the subject chargers as "defective" nor alleges that they were incorrectly repaired.  Mastervolt further affirmatively alleges that Mastervolt, Inc. did not design, manufacture, or sell the chargers, and, therefore, has no liability for them.

27.     Mastervolt denies the allegations set forth in paragraph 27.

## CLAIMS

### Count I
**(Indemnification)**

28.      Mastervolt repeats and reavers its answer to each preceding paragraph as if set forth here in full.

29.     Mastervolt denies the allegations set forth in paragraph 29.

30.     Mastervolt denies the allegations set forth in paragraph 30.

31.     Mastervolt denies the allegations set forth in paragraph 31.

32.     Mastervolt denies the allegations set forth in paragraph 32.

33.     Mastervolt denies the allegations set forth in paragraph 33.

34.     Mastervolt denies the allegations set forth in paragraph 34.

## Count II
**(Contribution)**

35.　　Mastervolt repeats and reavers its answer to each preceding paragraph as if set forth here in full.

36.　　Mastervolt denies the allegations set forth in paragraph 36.

37.　　Mastervolt denies the allegations set forth in paragraph 37.

38.　　Mastervolt denies the allegations set forth in paragraph 38.

## Count III
**(Breach of Warranty)**

39.　　Mastervolt repeats and reavers its answer to each preceding paragraph as if set forth here in full.

40.　　Mastervolt denies the allegations set forth in paragraph 40.

41.　　Mastervolt denies the allegations set forth in paragraph 41.

42.　　Mastervolt denies the allegations set forth in paragraph 42.

## Count IV
**(Breach of M.G.L. c. 106, § 2-313)**

43.　　Mastervolt repeats and reavers its answer to each preceding paragraph as if set forth here in full.

44.　　Mastervolt denies the allegations set forth in paragraph 44.

45.　　Mastervolt denies the allegations set forth in paragraph 45.

46.　　Mastervolt denies the allegations set forth in paragraph 46.

## Count V
**(Breach of M.G.L. c. 106, § 2-314)**

47.　　Mastervolt repeats and reavers its answer to each preceding paragraph as if set forth here in full.

48.　　Mastervolt denies the allegations set forth in paragraph 48.

49.　　Mastervolt denies the allegations set forth in paragraph 49.

## Count VI
### (Breach of M.G.L. c. 106, § 2-315)

50.     Mastervolt repeats and reavers its answer to each preceding paragraph as if set forth here in full.

51.     Mastervolt denies the allegations set forth in paragraph 51.

52.     Mastervolt denies the allegations set forth in paragraph 52.

53.     Mastervolt denies the allegations set forth in paragraph 53.

## Count VII
### (Breach of the Contract and the Implied Covenant
### of Good Faith and Fair Dealing)

54.     Mastervolt repeats and reavers its answer to each preceding paragraph as if set forth here in full.

55.     Mastervolt denies the allegations set forth in paragraph 55.

56.     Mastervolt denies the allegations set forth in paragraph 56.

57.     Mastervolt denies the allegations set forth in paragraph 57.

58.     Mastervolt denies the allegations set forth in paragraph 58.

WHEREFORE, Mastervolt denies that Hylas is entitled to the relief requested or to any relief whatsoever and requests that judgment enter on Mastervolt's behalf, together with interest and costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

If the plaintiffs or Hylas incurred any injury or damage as alleged, the same was caused by and through the acts or omissions, and/or breaches of warranty of a third party or persons, for whose conduct Mastervolt is in no way legally responsible.

### Second Affirmative Defense

The Third-Party Complaint, the plaintiffs' Complaint, and each respective count thereof, fail to state a cause of action for which relief can be granted.

### Third Affirmative Defense

Plaintiffs' alleged injuries and damages were caused in whole or in part by plaintiffs' or Hylas' negligence, such that any recovery should be reduced or barred.

### Fourth Affirmative Defense

Mastervolt states that to the extent it had any obligations to the plaintiffs or Hylas, such obligations have been fully, completely and properly performed in every respect.

### Fifth Affirmative Defense

Hylas has failed to join all persons or parties necessary for a just adjudication of the controversy.

### Sixth Affirmative Defense

The plaintiffs' and Hylas' claims are barred or limited because the product or products in question were abused, misused, and/or were not being used in the manner or for the purpose intended, were not properly maintained, and/or were utilized in an unsafe manner.

### Seventh Affirmative Defense

The plaintiffs' and Hylas' claims are barred or limited in that the products in question were substantially modified, substantially altered, and/or materially altered prior to the alleged incident, thereby barring recovery.

### Eighth Affirmative Defense

Pursuant to Comment j to §402A in the Restatement (Second) of Torts, at all relevant times products allegedly sold by Mastervolt, were reasonably safe and reasonably fit for their intended use.

### Ninth Affirmative Defense

Mastervolt states that all promises and obligations arising under all applicable warranties of merchantability were performed and fulfilled, and therefore, the plaintiffs and Hylas are barred from recovery.

### Tenth Affirmative Defense

Mastervolt denies liability for any implied warranty of merchantability, since all goods allegedly sold by Mastervolt were fit for the ordinary purposes for which such goods are used.

### Eleventh Affirmative Defense

The defendant states that Hylas is barred from any recovery because the plaintiffs' injury was caused by an unforeseeable misuse of the product allegedly sold or distributed by Mastervolt.

### Twelfth Affirmative Defense

The defendant states that all alleged promises or affirmations of fact made on the product, if any, were conformed to, and therefore Hylas is barred from recovery.

### Thirteenth Affirmative Defense

The defendant states that if it is proven that the product was defective, then the plaintiffs or Hylas unreasonably proceeded to use a product they knew to be defective, and that conduct was a substantial contributing cause of plaintiffs' injury and/or damage, and Hylas is, therefore, barred from recovery.

### Fourteenth Affirmative Defense

The defendant states that all goods it is alleged to have sold were adequately packaged, contained, and labeled as required, and therefore Hylas is barred from recovery.

### Fifteenth Affirmative Defense

The plaintiffs' complaint does not allege that the subject battery chargers were defective or improperly repaired, as alleged in the third-party complaint, and, therefore, Hylas is not entitled to indemnity or contribution from Mastervolt.

### Sixteenth Affirmative Defense

Plaintiffs or Hylas cannot recover for breach of warranty because they failed to give timely notice of the alleged breach, which failure was prejudicial.

### Seventeenth Affirmative Defense

Plaintiffs and/or Hylas failed to take all reasonable measures to mitigate their damages such that any recovery should be reduced or barred.

### Eighteenth Affirmative Defense

The economic loss doctrine precludes recovery for plaintiffs' and Hylas' alleged injuries.

## Ninteenth Affirmative Defense

Mastervolt did not design, manufacture, or sell the battery chargers that are referred to in the third-party complaint and the plaintiffs' complaint.  Those chargers were designed, manufactured, and sold by Mastervolt International BV, a legal entity in the Netherlands with its headquarters there, which sold and delivered the chargers to Queen Long Marine Co. Ltd., an entity located in Taiwan.

## Twentieth Affirmative Defense

Mastervolt reserves its right to assert additional affirmative defenses based on evidence disclosed during discovery or otherwise.

## MASTERVOLT DEMANDS A TRIAL BY JURY

The Third-Party Defendant,
MASTERVOLT, INC.
By its Attorneys,

/s/ Alexandra B. Harvey/Brooks L. Glahn
Alexandra B. Harvey, BBO #548944
Brooks L. Glahn, BBO #648308
Adler│Cohen│Harvey│Wakeman│Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, Massachusetts 02110
617-423-6674
aharvey@adlercohen.com
bglahn@adlercohen.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document will be served

electronically to the attorney of record for each party via the ECF system.

/s/ Brooks L. Glahn
_____

Date: January 20, 2012