**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

                              CIVIL ACTION
                              NO: 11-11814-MLW

**NELSON SHARP and**
**DESTINY YACHTS, LLC,**
     **Plaintiffs,**

**VS.**

**HYLAS YACHTS, INC.,**
     **Defendant/Third Party Plaintiff,**

**VS.**

**FORESPAR PRODUCTS CORP.;**
**GMT COMPOSITES, INC.; and**
**MASTERVOLT, INC.,**
     **Third Party Defendants.**

___

<u>**THIRD PARTY DEFENDANT, GMT COMPOSITES, INC.'S, ANSWER TO**
**THIRD PARTY PLAINTIFF, HYLAS YACHTS, INC.'S, FIRST**
**AMENDED THIRD PARTY COMPLAINT**</u>

Now comes the Third Party Defendant, GMT Composites, Inc.(hereinafter referred to as "GMT"), in the above entitled action, by its attorneys, Clinton & Muzyka, P.C., and makes answer to Third Party Plaintiff, Hylas Yachts, Inc.'s (hereinafter referred to as "Hylas") First Amended Third Party Complaint as follows.

<u>**Parties**</u>

1.   GMT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies same.

2

2.   GMT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies same.

3.   GMT admits that it is a Rhode Island corporation with a principal place of business at 48 Ballou Boulevard, Bristol Rhode Island.  GMT denies the remainder of the allegations contained in Paragraph 3.

4.   GMT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies same.

## Jurisdiction and Venue

5.   The allegations contained in Paragraph 5 are statements of law to which no answer is required of this Third Party Defendant, but to the extent an answer is required, GMT denies each and every allegation contained in Paragraph 5.

6.   The allegations contained in Paragraph 6 are statements of law to which no answer is required of this Third Party Defendant, but to the extent an answer is required, GMT denies each and every allegation contained in Paragraph 6.

7.   GMT denies the allegations contained in Paragraph 7.

8.   The allegations contained in Paragraph 8 are statements of law to which no answer is required of this Third Party Defendant, but to the extent an answer is required, GMT denies each and every allegation contained in Paragraph 8.

3

## Facts

9.   GMT admits the allegations contained in Paragraph 9.

10.  GMT admits the allegations contained in Paragraph 10.

11.  GMT admits the Complaint makes numerous allegations against Hylas and the quality of the components.  GMT denies the specific allegations, made by the Plaintiffs .

12.  GMT admits Hylas has denied many of the allegations set forth in the Complaint.  GMT denies the specific allegations made by the Plaintiffs .

13.  GMT admits the Complaint alleges that the hydraulic system was defective and that Hylas failed to correctly repair it after it malfunctioned.  GMT denies the specific allegations made by the Plaintiffs .

14.  GMT admits the Complaint alleges that the rigging, mast, and furling systems was defective and that Hylas failed to repair it correctly after it malfunctioned. GMT denies the specific allegations made by the Plaintiffs .

15.  GMT admits the Complaint alleges electrical components and charges were defective and that Hylas failed to repair it correctly after it malfunctioned.  GMT denies the specific allegations made by the Plaintiffs.

16.  GMT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies same.

4

17.  GMT denies the allegations contained in Paragraph 17.

18.  GMT denies the allegations contained in Paragraph 18.

19.  GMT admits the Complaint alleges a certain motor tang was installed on the yacht and allegedly inoperable, defective or otherwise malfunctioned and that Hylas failed to correctly repair it after it malfunctioned.

20.  GMT denies the allegations contained in Paragraph 20.

21.  GMT admits the Complaint alleges that the furling system was defective, inoperable, defective and otherwise malfunction and that Hylas failed to correctly repair it after it malfunctioned.  GMT denies the specific allegations made by the Plaintiffs .

22.  GMT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies same.

23.  GMT denies the allegations contained in Paragraph 23.

24.  GMT admits the Complaint alleges that the rigging was defective and that Hylas failed to correctly repair it after it malfunctioned. GMT denies the specific allegations made by the Plaintiffs .

25.  GMT denies the allegations contained in Paragraph 25.

26.  GMT admits the Complaint alleges that the battery charging system was defective and that Hylas failed to correctly repair after it malfunctioned.

27.  GMT denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies same.

### Claims
### Count I
### Indemnification Against all Third-Party Defendants

28.  GMT reaffirms and reiterates its responses to the allegations contained in Paragraph 1 through 27 inclusive, as though fully set forth herein.

29.  GMT denies the allegations contained in Paragraph 29.

30.  The allegations contained in Paragraph 30 are statements of law to which no answer is required of this Third Party Defendant, but to the extent an answer is required, GMT denies each and every allegation contained in Paragraph 30.

31.  GMT denies the allegations contained in Paragraph 31.

32.  GMT denies the allegations contained in Paragraph 32.

33.  GMT denies the allegations contained in Paragraph 33.

34.  GMT denies the allegations contained in Paragraph 34.

**WHEREFORE,** GMT prays that this Honorable Court dismiss with prejudice Count I and award costs and reasonable attorneys fees.

### Count II
### Contribution Against all Third-Party Defendants

35.  GMT reaffirms and reiterates its responses to the allegations contained in Paragraph 1 through 34 inclusive, as though fully set forth herein.

36.   GMT denies the allegations contained in Paragraph 36.

37.   GMT denies the allegations contained in Paragraph 37.

38.   GMT denies the allegations contained in Paragraph 38.

   **WHEREFORE,** GMT prays that this Honorable Court dismiss with prejudice Count II and award costs and reasonable attorneys fees.


## Count III
## Breach of Warranty Against all Third-Party Defendants

39.   GMT reaffirms and reiterates its responses to the allegations contained in Paragraph 1 through 38 inclusive, as though fully set forth herein.

40.   The allegations contained in Paragraph 40 are statements of law to which no answer is required of this Third Party Defendant, but to the extent an answer is required, GMT denies each and every allegation contained in Paragraph 40.

41.   GMT denies the allegations contained in Paragraph 41.

42.   GMT denies the allegations contained in Paragraph 42.

   **WHEREFORE,** GMT prays that this Honorable Court dismiss with prejudice Count III and award costs and reasonable attorneys fees.

**Count IV**
**Breach of U M.G.L. c. 106, §2-313 Against all Third-Party Defendants**

43.  GMT reaffirms and reiterates its responses to the allegations contained in Paragraph 1 through 42 inclusive, as though fully set forth herein.

44.  GMT denies the allegations contained in Paragraph 44.

45.  GMT denies the allegations contained in Paragraph 45.

46.  GMT denies the allegations contained in Paragraph 46.

**WHEREFORE,** GMT prays that this Honorable Court dismiss with prejudice Count IV and award costs and reasonable attorneys fees.


**Count V**
**Breach of U M.G.L. c. 106, §2-314 Against all Third-Party Defendants**

47.  GMT reaffirms and reiterates its responses to the allegations contained in Paragraph 1 through 46 inclusive, as though fully set forth herein.

48.  GMT denies the allegations contained in Paragraph 48.

49.  GMT denies the allegations contained in Paragraph 49.

**WHEREFORE,** GMT prays that this Honorable Court dismiss with prejudice Count V and award costs and reasonable attorneys fees.

## Count VI
## Breach of U M.G.L. c. 106, §2-315 Against all Third-Party Defendants

50.  GMT reaffirms and reiterates its responses to the allegations contained in Paragraph 1 through 49 inclusive, as though fully set forth herein.

51.  GMT denies the allegations contained in Paragraph 51.

52.  GMT denies the allegations contained in Paragraph 52.

53.  GMT denies the allegations contained in Paragraph 53.

**WHEREFORE,** GMT prays that this Honorable Court dismiss with prejudice Count VI and award costs and reasonable attorneys fees.


## Count VII
## Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing Against all Third-Party Defendants

54.  GMT reaffirms and reiterates its responses to the allegations contained in Paragraph 1 through 53 inclusive, as though fully set forth herein.

55.  GMT admits that it has entered into contract with Hylas to supply a GMT Composite boom.  GMT denies the remainder of the allegations contained in Paragraph 55.

56.  GMT denies the allegations contained in Paragraph 56.

57.  GMT denies the allegations contained in Paragraph 57.

58.  GMT denies the allegations contained in Paragraph 58.

9

**WHEREFORE,** GMT prays that this Honorable Court dismiss with prejudice Count VII and award costs and reasonable attorneys fees.

## **AFFIRMATIVE DEFENSES**

Now comes the Third Party Defendant and incorporates the following Affirmative Defenses into each Count of its Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** the Third Party Defendant states that all claims and defenses applicable to this action are governed by the Federal Substantive General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** if the Plaintiffs or Hylas incurred any injury or damage as alleged, the same was caused by and through the acts or omissions, and/or breaches of warranty of a third party or persons, for whose conduct GMT is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** the Third Party Complaint, the Plaintiffs' Complaint and each respective count thereof, fail to state a cause of action for which relief can be granted.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** Plaintiffs' alleged injuries and damages were caused

in whole or in part by Plaintiffs' or Hylas' negligence, such that any recovery should be reduced or barred.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, GMT states that to the extent it had any obligations to the Plaintiffs or Hylas, such obligations have been fully, completely and properly performed in every respect.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, Hylas has failed to join all person or parties for a just adjudication of the controversy.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Plaintiffs' and Hylas' claims are barred or limited because the product or products in question were abused, misused, and/or were not being used in the manner or for the purpose intended, were not properly maintained, and/or were utilized in an unsafe manner.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the Plaintiffs' and Hylas' claims are barred or limited in that the products in question were substantially modified, substantially altered, and/or materially altered prior to the alleged incident, thereby barring recovery.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, GMT asserts that at all relevant times, the products and services allegedly sold or provided by GMT were

reasonably safe and reasonably fit for their intended purpose.

AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE, GMT sates that all promises and obligations arising under all applicable warranties or merchantability were performed and fulfilled, and therefore, the Plaintiffs and Hylas are barred from recovery.

AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE, GMT denies liability for any implied warranty of merchantability, since all goods allegedly sold by GMT were fit for the ordinary purpose for which such goods are used.

AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE, GMT states that Hylas is barred from any recovery because the Plaintiffs' injury was caused by an unforeseeable misuse of the product allegedly sold or distributed by GMT.

AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE, GMT states that all alleged promises or affirmations of fact made on the product, if any, were conformed to, and therefore, Hylas is barred from recovery.

AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE, GMT states that if it is proven that the product was defective, then the Plaintiffs or Hylas unreasonably proceeded to use a product they knew to be defective, and that conduct was a substantial contributing cause of

Plaintiffs' injury and/or damage, and Hylas is, therefore, barred from recovery.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** GMT states that all goods it is alleged to have sold were adequately packaged, contained, and labeled as required, and, therefore, Hylas is barred from recovery.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** Plaintiffs or Hylas cannot recover for breach of warranty because they failed to give timely notice of the alleged breach, which failure was prejudicial.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** Plaintiffs and/or Hylas failed to take all reasonable measures to mitigate their damages such that any recovery should be reduced or barred.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** the economic loss doctrine precludes recovery for Plaintiffs' and Hylas' alleged injuries.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** GMT states that Plaintiffs are barred as a matter of law from recovering for loss of use of the S/V DESTINY (o.n. 1229296).

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** GMT states that if Plaintiffs suffered damages as alleged, such damage was caused by the intervening and

superseding conduct by itself or a third party for whom GMT is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** GMT reserves its right to assert additional affirmative defenses based on evidence disclosed during discovery or otherwise.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** GMT states that Plaintiffs' and/or Hylas' claims and damages are barred by the express terms of its contract and course of dealing.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** GMT states that if it is proven that the product was defective, which is specifically denied, said defect was corrected and repaired and, therefore, Plaintiffs and Hylas are barred from recovery.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE,** GMT states that its contract with Hylas requires arbitration of all claims and issues raised by Hylas and that this forum is improper and arbitration is not waived.

**WHEREFFORE,** Third Party Defendant, GMT, prays that the First Amended Third Party Complaint be dismissed with prejudice and that the Court award costs and reasonable attorneys fees.

**GMT DEMANDS A TRIAL BY JURY**

14

By its attorneys,

**CLINTON & MUZYKA, P.C.**

**"/s/Thomas J. Muzyka"**
**Thomas J. Muzyka**
**BBO NO. 365540**
**Robert E. Collins**
**BBO NO. 555843**
88 Black Falcon Avenue
Suite 200
Boston, MA  02210
(617) 723-9165
Fax: 617-720-3489
Email: tmuzyka@clinmuzyka.com
Email: rcollins@clinmuzyka.com

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 15, 2012.

**"/s/Thomas J. Muzyka"**
Thomas J. Muzyka