**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____

NELSON SHARP and            ]
DESTINY YACHTS, LLC         ]
                            ]
        Plaintiffs,         ]
                            ]
        v.                  ]        Civil Action No. 11-11814-MLW
                            ]
HYLAS YACHTS, INC.          ]
                            ]
        Defendant and Third Party    ]
        Plaintiff,          ]
                            ]
FORESPAR PRODUCTS CORP.;    ]
GMT MARINE TECH., INC., and ]
MASTERVOLT, INC.,           ]
                            ]
        Third Party Defendants.     ]
_____]

**THIRD PARTY DEFENDANT FORESPAR PRODUCTS CORP.'S ANSWER**
**TO THIRD PARTY PLAINTIFF HYLAS YACHTS, INC.'S**
**FIRST AMENDED THIRD PARTY COMPLAINT**

Third Party Defendant Forespar Products Corp. (hereinafter referred to as "Forespar"), in the above entitled action, through its attorneys of record hereby answers Third Party Plaintiff Hylas Yacht, Inc.'s (hereinafter referred to as "Hylas") First Amended Third Party complaint as follows:

**PARTIES**

1. Forespar denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the amended third party complaint and, therefore, denies same.

2. Forespar admits that it is a California corporation with a principal place of business at 22322 Gilberto, Rancho Santa Margarita, California.  Forespar denies the remainder of the allegations in Paragraph 2.

3. Forespar denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies same.

4.   Forespar denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies same.

## JURISDICTION AND VENUE

5.   The allegations contained in Paragraph 5 are statements of law to which no answer is required of this Third Party Defendant.  To the extent an answer is required, Forespar denies each and every allegation contained in paragraph 5.

6.   The allegations contained in Paragraph 6 are statements of law to which no answer is required of this Third Party Defendant.  To the extent an answer is required, Forespar denies each and every allegation contained in paragraph 6.

7.   Forespar denies the allegations contained in paragraph 7.

8.   The allegations contained in Paragraph 8 are statements of law to which no answer is required of this Third Party Defendant.  To the extent an answer is required, Forespar denies each and every allegation contained in paragraph 8.

## FACTS

9.   Forespar admits that the plaintiffs' complaint was filed against Hylas on or about October 13, 2011 as alleged in Paragraph 9.

10.  Forespar admits that on or about November 10, 2011 Hylas filed its answer to the plaintiffs' complaint as stated in Paragraph 10.

11.  Forespar admits that the complaint makes numerous allegations against Hylas and the quality of the yacht's components.  Forespar denies the specific allegations made by the plaintiffs re-stated in Paragraph 11.

12.  Forespar admits that Hylas has denied many of the allegations set forth in the plaintiff's complaint.  Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations re-stated in Paragraph 12 and, therefore, denies same.

13.  Forespar admits the plaintiffs' complaint alleges that the hydraulic system was defective and that Hylas failed to correctly repair it after if malfunctioned.  Forespar

denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations re-stated in Paragraph 13 and, therefore, denies same.

14. Forespar admits the plaintiffs' complaint alleges that the rigging, mast, and furling system was defective and that Hylas failed to correctly repair it after if malfunctioned.  Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations regarding the furling system re-stated in Paragraph 14 and, therefore, denies same.  Forespar denies all other specific allegations made by the plaintiffs re-stated in Paragraph 14.

15. Forespar admits the plaintiffs' complaint alleges that the certain electrical components and the electrical chargers were defective and that Hylas failed to correctly repair them after they malfunctioned.   Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations contained in Paragraph 15 and, therefore, denies same.

16. Forespar denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies same.

17. Forespar denies the allegations contained in paragraph 17.

18. Forespar denies the allegations contained in paragraph 18.

19. Forespar admits the plaintiffs' complaint alleges that a certain motor tang that was installed on the yacht was allegedly inoperable, defective, or otherwise malfunctioned and that Hylas failed to correctly repair it after it malfunctioned. Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations contained in Paragraph 19 and, therefore, denies same.

20. Forespar denies the allegations contained in paragraph 20.

21. Forespar admits the plaintiffs' complaint alleges that the furling system was defective, inoperable and otherwise malfunctioned and that Hylas failed to correctly repair it after it malfunctioned.   Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations contained in Paragraph 21 and, therefore, denies same.

22. Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations contained in Paragraph 22 and, therefore, denies same.

23. Forespar denies the allegations contained in paragraph 23.

24. Forespar admits the plaintiffs' complaint alleges that the rigging was defective and that Hylas failed to correctly repair it after it malfunctioned.   Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations contained in Paragraph 24 and, therefore, denies same.

25. Forespar denies the allegations contained in paragraph 25.

26. Forespar admits the plaintiffs' complaint alleges that the battery charging system was defective and that Hylas failed to correctly repair it after it malfunctioned. Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations contained in Paragraph 26 and, therefore, denies same.

27. Forespar denies knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations contained in Paragraph 27 and, therefore, denies same.

## CLAIMS – COUNT I
## INDEMNIFICATION AGAINST ALL THIRD-PARTY DEFENDANTS

28. Forespar reaffirms and reiterates its responses to the allegations contained in Paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Forespar denies the allegations contained in paragraph 29.

30. The allegations contained in Paragraph 30 are statements of law to which no answer is required of this Third Party Defendant.  To the extent an answer is required, Forespar denies each and every allegation contained in paragraph 30.

31. Forespar denies the allegations contained in paragraph 31.

32. Forespar denies the allegations contained in paragraph 32.

33. Forespar denies the allegations contained in paragraph 33.

34. Forespar denies the allegations contained in paragraph 34.

Wherefore, Forespar prays that the Court dismiss with prejudice Hylas' Count I and award costs and reasonable attorneys' fees.

4

## COUNT II
## CONTRIBUTION AGAINST ALL THIRD PARTY DEFENDANTS

35. Forespar reaffirms and reiterates its responses to the allegations contained in Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. The allegations contained in Paragraph 36 are statements of law to which no answer is required of this Third Party Defendant.  To the extent an answer is required, Forespar denies each and every allegation contained in paragraph 36.

37. The allegations contained in Paragraph 37 are statements of law to which no answer is required of this Third Party Defendant.  To the extent an answer is required, Forespar denies each and every allegation contained in paragraph 37.

38. Forespar denies the allegations contained in paragraph 38.

Wherefore, Forespar prays that the Court dismiss with prejudice Hylas' Count II and award costs and reasonable attorneys' fees.

## COUNT III
## BREACH OF WARRANTY AGAINST ALL THIRD-PARTY DEFNDANTS

39. Forespar reaffirms and reiterates its responses to the allegations contained in Paragraphs 1 through 38, inclusive, as though fully set forth herein.

40. Forespar denies the allegations contained in paragraph 40.

41. Forespar denies the allegations contained in paragraph 41.

42. Forespar denies the allegations contained in paragraph 42.

Wherefore, Forespar prays that the Court dismiss with prejudice Hylas' Count III and award costs and reasonable attorneys' fees.

## COUNT IV
## BREACH OF U.M.G.L. c. 106 § 2-213 AGAINST ALL THIRD PARTY DEFENDANTS

43. Forespar reaffirms and reiterates its responses to the allegations contained in Paragraphs 1 through 42, inclusive, as though fully set forth herein.

44. Forespar denies the allegations contained in paragraph 44.

45. Forespar denies the allegations contained in paragraph 45.

46. Forespar denies the allegations contained in paragraph 46.

Wherefore, Forespar prays that the Court dismiss with prejudice Hylas' Count IV and award costs and reasonable attorneys' fees.

**COUNT V**
**BREACH OF U.M.G.L. c. 106 § 2-214 AGAINST ALL THIRD PARTY DEFENDANTS**

47. Forespar reaffirms and reiterates its responses to the allegations contained in Paragraphs 1 through 46, inclusive, as though fully set forth herein.

48. Forespar denies the allegations contained in paragraph 48.

49. Forespar denies the allegations contained in paragraph 49.

Wherefore, Forespar prays that the Court dismiss with prejudice Hylas' Count V and award costs and reasonable attorneys' fees.

**COUNT VI**
**BREACH OF U.M.G.L. c. 106 § 2-315 AGAINST ALL THIRD PARTY DEFENDANTS**

50. Forespar reaffirms and reiterates its responses to the allegations contained in Paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. Forespar denies the allegations contained in paragraph 51.

52. Forespar denies the allegations contained in paragraph 52.

53. Forespar denies the allegations contained in paragraph 53.

Wherefore, Forespar prays that the Court dismiss with prejudice Hylas' Count VI and award costs and reasonable attorneys' fees.

**COUNT VII**
**BREACH OF CONTRACT AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST ALL THIRD PARTY DEFENDANTS**

54. Forespar reaffirms and reiterates its responses to the allegations contained in Paragraphs 1 through 53, inclusive, as though fully set forth herein.

55. Forespar admits that it supplied the mast, gooseneck bracket, and vang bracket to Hylas.  Forespar denies the remainder of the allegations contained in paragraph 55.

56. Forespar denies the allegations contained in paragraph 56.

57. Forespar denies the allegations contained in paragraph 57.

58. Forespar denies the allegations contained in paragraph 58.

Wherefore, Forespar prays that the Court dismiss with prejudice Hylas' Count VII and award costs and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

Third Party Defendant incorporates and asserts the following Affirmative Defenses into each Count of its Answer as more fully appears below.

## FIRST AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Forespar states that all claims and defenses applicable to this action are governed by the Federal Substantive General Maritime Law.

## SECOND AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Third Party Complaint, the plaintiff's complaint, and each respective count thereof, fail to state a cause of action for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, if the Plaintiffs or Hylas incurred any injury or damage as alleged, the same was caused by and through the acts or omissions, and/or breaches of warranty of a third party or persons, for whose conduct Forespar is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Forespar states that if Plaintiffs suffered damages as alleged, such damage was caused by the intervening and superseding conduct by itself or a third party for whom Forespar is not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Plaintiffs' alleged injuries and damages were caused in whole or in part by Plaintiffs' or Hylas' negligence, such that any recovery should be reduced or barred.

## SIXTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Forespar states that to the extent it had any obligations to the Plaintiffs or Hylas, such obligations have been fully, completely and properly performed in every respect.

## SEVENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Hylas has failed to join all persons or parties for a just adjudication of the controversy.

## EIGHTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Plaintiffs' and Hylas' claims are barred or limited because the product or products in question were abused, misused, and/or were not being used in the manner or for the purpose intended, were not properly maintained, and/or were utilized in an unsafe manner.

## NINTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the Plaintiffs' and Hylas' claims are barred or limited in that the products in question were substantially modified, substantially altered, and/or materially altered prior to the alleged incident, thereby barring recovery.

## TENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Forespar asserts that at all relevant times, the products and services allegedly sold or provided by Forespar were reasonably safe and reasonably fit for their intended purpose.

## ELEVENTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

1 DEFENSE, Forespar sates that all promises and obligations arising under all applicable

2 warranties of merchantability were performed and fulfilled, and therefore, the Plaintiffs and

3 Hylas are barred from recovery.

4 **TWELFTH AFFIRMATIVE DEFENSE**

5 AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

6 DEFENSE, Forespar denies liability for any implied warranty of merchantability, since all

7 goods allegedly sold by Forespar were fit for the ordinary purpose for which such goods are

8 used.

9 **THIRTEENTH AFFIRMATIVE DEFENSE**

10 AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

11 DEFENSE, Forespar states that Hylas is barred from any recovery because the Plaintiffs'

12 injury was caused by an unforeseeable misuse of the product allegedly sold or distributed

13 by Forespar.

14 **FOURTEENTH AFFIRMATIVE DEFENSE**

15 AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

16 DEFENSE, Forespar states that all alleged promises or affirmations of fact made on the

17 product, if any, were conformed to, and therefore, Hylas is barred from recovery.

18 **FIFTEENTH AFFIRMATIVE DEFENSE**

19 AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

20 DEFENSE, Forespar states that if it is proven that the product was defective, which is

21 specifically denied, then the Plaintiffs or Hylas unreasonably proceeded to use a product

22 they knew to be defective, and that conduct was a substantial contributing cause of

23 Plaintiffs' injury and/or damage, and Hylas and Plaintiff are, therefore, barred from

24 recovery.

25 **SIXTEENTH AFFIRMATIVE DEFENSE**

26 AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

27 DEFENSE, Forespar states that all goods it is alleged to have sold were adequately

28 packaged, contained, and labeled as required, and, therefore, Hylas is barred from recovery.

1

### SEVENTEENTH AFFIRMATIVE DEFENSE

2      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

3  DEFENSE, Plaintiffs or Hylas cannot recover for breach of warranty because they failed to

4  give timely notice of the alleged breach, which failure was prejudicial.

5

### EIGHTEENTH AFFIRMATIVE DEFENSE

6      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

7  DEFENSE, Plaintiffs and/or Hylas failed to take all reasonable measures to mitigate their

8  damages such that any recovery should be reduced or barred.

9

### NINTEENTH AFFIRMATIVE DEFENSE

10      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

11  DEFENSE, the economic loss doctrine precludes recovery for Plaintiffs' and Hylas' alleged

12  injuries.

13

### TWENTIETH AFFIRMATIVE DEFENSE

14      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

15  DEFENSE, Forespar states that Plaintiffs are barred as a matter of law from recovering for

16  loss of use of the S/V DESTINY as this is not a recoverable element of damages under the

17  General Maritime Law.

18

### TWENTY FIRST AFFIRMATIVE DEFENSE

19      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

20  DEFENSE, Forespar states that Plaintiffs' and/or Hylas' claims and damages are barred by

21  the express terms of its contract.

22

### TWENTY SECOND AFFIRMATIVE DEFENSE

23      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

24  DEFENSE, Forespar states that if it is proven that the product was defective, which is

25  specifically denied, said defect was corrected and repaired by GMT and, therefore,

26  Plaintiffs and Hylas are barred from recovery.

27

### TWENTY THIRD AFFIRMATIVE DEFENSE

28      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE

DEFENSE, Forespar designed and manufactured the mast pursuant to specifications approved by Hylas.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Forespar manufactured the vang and gooseneck brackets that are referred to in the third party complaint and the plaintiffs' complaint pursuant to specifications provided by Hylas or GMT.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Forespar did not design, engineer, or manufacture the boom, furling system, hydraulic system, and/or motor tang that are referred to in the third party complaint and the plaintiffs' complaint. Those parts were designed, engineered, and manufactured by parties other than Forespar.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Forespar reserves its right to assert additional affirmative defenses based on evidence disclosed during discovery or otherwise.

WHEREFFORE, Third Party Defendant Forespar prays that the First Amended Third Party Complaint be dismissed with prejudice and that the Court award costs and reasonable attorneys' fees.

FORESPAR DEMANDS A TRIAL BY JURY.

RESPECTFULLY SUBMITTED March 30, 2012.

FORESPAR PRODUCTS CORP.
Third Party Defendant


*/s/ David J. Farrell, Jr.*
David J. Farrell, Jr.
BBO #559847
2355 Main Street
P.O. Box 186
S. Chatham, MA 02659

508.432.2121
farrell@sealaw.org

<u>Certificate of Service</u>
I certify I served this answer 03/30/12 on Attys Samito, Jouret;
Baker, Groulx; Collins, Muzyka; and Harvey, Glahn; via
the ECF/CM system.

*/s/ David J. Farrell, Jr.*