UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NELSON R. SHARP and <br> DESTINY YACHTS LLC, <br>     Plaintiffs <br><br> v. <br><br> HYLAS YACHTS, INC. <br>     Defendant/Third Party Plaintiff, <br><br> v. <br><br> FORESPAR PRODUCTS CORP.; <br> GMT COMPOSITES, INC.; and <br> MASTERVOLT, INC., <br>     Third Party Defendants <br><br> GMT COMPOSITES, INC., <br>     Fourth Party Plaintiff <br><br> v. <br><br> NELSON SHARP and <br> DESTINY YACHTS LLC, <br>     Plaintiffs/Fourth Party Defendants | Civil Action No.: 11-11814-MLW |

**ANSWER OF PLAINTIFFS/FOURTH PARTY DEFENDANTS NELSON SHARP AND DESTINY YACHTS LLC TO THIRD PARTY DEFENDANT, GMT COMPOSITES, INC.'S, AMENDED FOURTH PARTY COMPLAINT AGAINST NELSON SHARP AND <u>DESTINY YACHTS LLC</u>**

Now come Plaintiffs/Fourth Party Defendants Nelson Sharp and Destiny Yachts LLC in the above captioned action to answer the *Third Party Defendant, GMT Composites, Inc.'s, Amended Fourth Party Complaint against Nelson Sharp and Destiny Yachts LLC* as follows:

1. Nelson Sharp and Destiny Yachts LLC do not have sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

1

2. Admitted.

3. Admitted.

4. This paragraph makes a statement which is a conclusion of law and thus no answer is required.

5. Admitted as to the first sentence of this paragraph. Denied as to the second sentence of this paragraph; pursuant to the Operating Agreement for Destiny Yachts LLC, Nelson R. Sharp's title is Chief Executive Manager.

6. Denied.

7. Denied.

8. This paragraph makes a statement which is a conclusion of law and thus no answer is required.

9. Admitted that the document at Exhibit A to the Complaint contains language that states "Finance charges of 1.5% per month will be added to all past due items."; otherwise denied.

10. Denied.

11. To the extent this paragraph makes a statement which is a conclusion of law no answer is required; otherwise, denied.

## Count I: Breach of Contract

12. This paragraph makes no factual allegation and therefore calls for no response.

13. Denied.

## Count II: Account Stated

14. This paragraph makes no factual allegation and therefore calls for no response.

15. Denied.

## Count III: Unjust Enrichment

16. This paragraph makes no factual allegation and therefore calls for no response.

17. Denied.

## AFFIRMATIVE DEFENSES

1. GMT Composites, Inc.'s claims are barred under the doctrine of laches.

2. GMT Composites, Inc.'s claims are barred under the doctrine of waiver.

3. GMT Composites, Inc.'s claims are barred under the doctrine of estoppel.

4. GMT Composites, Inc.'s claims are barred under the doctrine of unclean hands.

5. GMT Composites, Inc.'s claims are barred under the doctrine of acquiescence.

6. GMT Composites, Inc.'s claims are barred by the doctrine of accord and satisfaction.

7. GMT Composites, Inc.'s claims are barred for lack of service of process.

8. GMT Composites, Inc.'s claims are barred by the doctrine of contributory negligence.

9. GMT Composites, Inc.'s claims are barred because it performed in an unworkmanlike manner.

10. GMT Composites, Inc.'s claims are barred because Nelson Sharp and Destiny Yachts LLC objected to the putative invoice at Exhibit A to GMT Composite, Inc.'s Complaint.

11. GMT Composites, Inc.'s claims are barred because no payment should be necessary because of certain express and implied warranties.

12. GMT Composites, Inc.'s claims are barred because of breaches of express and implied warranties.

13. GMT Composites, Inc.'s claims are barred by its non-performance.

14. GMT Composites, Inc.'s claims are barred by failure to state a cause of action for which relief can be granted.

15. GMT Composites, Inc.'s claims are barred because of its negligence and/or the negligence and/or breaches of warranty by Hylas Yachts, Inc., or third parties or persons for whose conduct Nelson Sharp and Destiny Yachts LLC are not legally responsible.

16.     GMT Composites, Inc.'s claims are barred because of its knowing sale or distribution of a defective product.

17.     Nelson Sharp and Destiny Yachts LLC reserve their right to assert additional affirmative defenses as discovery proceeds.

    Respectfully submitted,

    NELSON R. SHARP and
    DESTINY YACHTS LLC,

    By their attorneys,

    /s/ Christian G. Samito
    Christian G. Samito, BBO# 639825
    Stefan L. Jouret, BBO# 656196
    JOURET & SAMITO LLP
    One Center Plaza, Suite 220
    Boston, MA 02108
    (617) 523-0122 (telephone)
    (617) 849-5585 (facsimile)
    samito@jouretsamito.com
    jouret@jouretsamito.com

Date: April 19, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the above document on all counsel of record on April 19, 2012, through the ECF/CM system.

    /s/ Christian G. Samito
    Christian G. Samito, BBO# 639825