# United States District Court
# District of Massachusetts

NELSON R. SHARP,
DESTINY YACHTS, LLC.,
    Plaintiffs,

    v.                                CIVIL ACTION 2011-11814-RBC

HYLAS YACHTS LLC.,
    Defendant,
    Third-Party Plaintiff,

    v.

GOETZ MARINE TECHNOLOGY, INC.,
MASTERVOLT, INC.,
FORESPAR PRODUCTS CORP.,
GMT COMPOSITES, INC.,
    Third-Party Defendants.

GMT COMPOSITES, INC.,
    Fourth-Party Plaintiff,

    v.

NELSON R. SHARP,
DESTINY YACHTS, LLC.,
    Fourth Party Defendants.

## *ORDER TO SHOW CAUSE PURSUANT TO RULES 16(f) & 37(c)(1), FED. R. CIV. P.*

COLLINGS, U.S.M.J.

A Notice of Scheduling Conference issued in the above-styled case on June 1, 2012 (#34) setting the Scheduling Conference pursuant to Rule 16(b), Fed. R. Civ. P., for June 27, 2012 at 10:30 A.M. The Notice read, in pertinent part, that: "The court considers attendance of the senior lawyers ultimately responsible for the case...to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial."

On June 27, 2012, attorneys for all the parties except Attorney Baker appeared at 10:30 A.M. for the Scheduling Conference. The Clerk attempted to telephone Attorney Baker but was only able to leave a voicemail message. The other attorney in the case representing the defendant, Patrick M. Groulx, Esquire, was contacted by telephone and informed the Clerk that he was designated by Attorney Baker to attend the conference for the defendant but was told the time was 2:00 P.M.

At this point, the Court instructed Attorney Groulx to come to the court and continued the matter until his arrival. Upon his arrival at 11:42 A.M.

Attorney Proulx advised the Court that Attorney Baker was out of the country, would not be back until July 2nd, had asked him to cover the Scheduling Conference and had told him the Scheduling Conference was at 2:00 P.M. Attorney Groulx admitted that he was only marginally prepared and was unable to address a number of issues raised by counsel for the third-party defendants. Further, plaintiff's counsel informed the Court that Attorney Baker had failed to provide automatic disclosures within the time required by Rule 26(a)(1)(C), Fed. R. Civ. P., or to date, had failed to make settlement demands on the third-party defendants and had failed to respond to the third-party defendant(s)' settlement offer as required by L.R. 16.1(C).

While the statement that the Court "considers attendance of the senior lawyers ultimately responsible for the case...to be of utmost importance" and that "[c]ounsel may be given a continuance only if actually engaged on trial" is a strong message that the senior lawyer should attend, as a technical matter it does not require that the senior lawyers attend. However, the rules do require that if the senior lawyer does not attend, he or she must send a co-counsel or associate who is "prepared" and if the counsel who attends is not prepared, sanctions may be imposed. Rule 16(f)(1)(B), Fed. R. Civ. P. *See Flaherty v.*

*Dayton Electric Manufacturing Company,* 109 F.R.D. 617, 618-19 (D. Mass., 1986). Further, sanctions may be imposed for failing to comply with the automatic disclosure provisions within the time set by Rule 26(a)(1)(C), Fed. R. Civ. P.

On the present record, it appears that Attorney Baker is liable to be sanctioned under both provisions. Accordingly, pursuant to those provisions, JEFFREY S. BAKER, ESQ. is ORDERED to show cause, if any there be, in writing *on or before the close of business on July 6, 2012,* why the Court should not impose sanctions upon him personally (1) for sending an unprepared co-counsel to appear at the Scheduling Conference, (2) by failing to inform co-counsel of the correct time of the Scheduling Conference, and (3) by failing to provide Automatic Disclosures within the time set by Rule 26(a)(1)(C), Fed. R. Civ. P.

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: June 27, 2012.