**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NELSON SHARP and<br>DESTINY YACHTS, LLC<br><br>    Plaintiffs,<br><br>    v.<br><br>HYLAS YACHTS, INC.<br><br>    Defendant and Third Party<br>    Plaintiff, | **Docket Number**<br>**1:11-CV-11814-RBC** |

**THIRD PARTY DEFENDANT, FORESPAR PRODUCTS CORP.'S REPLY TO HYLAS YACHTS, INC.'S OPPOSITION TO FORESPAR'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

Third party defendant Forespar Products Corp. ("Forespar") submits the following reply to defendant and third party plaintiff Hylas Yachts Inc.'s ("Hylas") opposition to Forespar's motion for summary judgment or in the alternative summary adjudication.

**I.**

**Summary of Opposition**

In its opposition Hylas concedes that its claim for breach of the implied warranty of merchantability is barred by the economic loss doctrine and should be dismissed.

Hylas also acknowledges that plaintiff Nelson Sharp has failed to demonstrate any non-economic damages and concedes that Sharp spoliated Forespar's relevant components. Hylas acknowledges that the act of spoliation alone could make it impossible to conclude whether or not the components provided by Forespar contributed to the Yacht's mechanical failures at this, or any stage of the litigation.

Nevertheless, Hylas argues that it should be permitted to maintain its causes of action for (1) breach of express warranty, (2) breach of warranty of fitness for a particular purpose, and (3) breach of contract.[1]  Hylas argues that these claims arise under contract and not tort and therefore can't be barred by the economic loss doctrine.  Hylas also asserts that its sub-causes of action for Breach of the Covenant of Good Faith and Fair Dealing and Indemnification should be allowed to survive the motion.  Hylas is mistaken on these issues and Forespar should also prevail on these causes of action for the following reasons:

## II.

## Hylas Has Failed to Specifiy Facts Sufficient to Support Its Cause of Action for Express Warranty

Hylas fails to specify any facts which support its claim that an express warranty was provided by Forespar as a matter of law.  An express warranty is created whenever a seller makes a *clear and definite promise or statement of fact, either orally or in writing, about some essential quality of an item, and that promise or statement of fact becomes part of the basis of the bargain* between the buyer and the seller.  *See* UMGL ch. 106 §2-313 and Mass. Civil Jury Instructions Volume II Chapter 14.  Hylas cites no evidence and makes no claim that there was a written express warranty.

Hylas instead makes the blanket assertion that under *Glyptal* "whether there exists an express warranty is a question of fact." See *Glyptal Inc. v. Engelhard Corp,* 801 F, Supp 877 (1992).  Hylas' reliance on *Glyptal* is misplaced and taken out of context.  In *Glyptal* a paint manufacturer asserted claims for breach of warranty against a supplier of chemical products on the basis that the composition of the supplied product differed from the pre-order sample provided pursuant to M.G.L.c. 106 §2-313(1)(c).  *Id.* at 895.  M.G.L.c. 106 §2-313(1)(c) states "any sample or model which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the sample or model."  There is no evidence, and Hylas has not specified any evidence, that Forespar ever provided a

---

[1] While this court ruled that the issue as to whether or not any component parts to the yacht were defective or failed to perform as intended will be reserved until the conclusion of expert discovery, because the issue may call for expert opinions, this ruling should in no way relieve Hylas from its obligation to specify facts in its opposition which it contends support its warranty and contractual causes of action alleged against Forespar.

sample of its components to Hylas or that the component parts provided failed to conform to any samples.

More importantly, ***Hylas has failed to point to a single definite promise or statement of fact made by Forespar to support its claim that an express warranty was created***. It instead relies upon general representations, deposition testimony taken almost three years after the fact, and prior business interactions unrelated to the transaction involving the components at issue. (See Hylas' Supplemental SSUF #42 -45, 47-60) ***Hylas has made the sweeping, broad-brushed assertions made in Kyle Jachney's affidavit because it is unable to point to a single clear, definite, or specific promise or statement of fact*** made by Forespar to support its' claim that an express warranty was created for the component parts Forespar manufactured for the yacht.

### III.

### Hylas' Has Failed to Specify Facts Sufficient to Support Its Cause of Action For Implied Warranty of Fitness For A Particular Purpose

Forespar does not dispute Hylas' discussion of the elements of an Implied Warranty of Fitness for a Particular Purpose. However, the holding in *Cruickshank v Clean Seas Company, et al.* 346 B.R. 571, 583 (2006) ***illustrates why all of Hylas' implied warranty claims, including the implied warranty of fitness for a particular purpose fail as a matter of law, as they did in that case***.

A plaintiff must own property which was damaged to avoid the economic loss rule (*Id*. at 583). See also *MacGlashing v. Dunlop Equip. Co., Inc.,* 89 F.3d 932, 937-38 (1st Cir. 1996) (party seeking recovery for economic losses stemming from tort-based strict liability or negligence must make "the showing of injury or damage to itself as Massachusetts law requires."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.,* 263 F. Supp. 2d 140, 145 (D. Mass. 2003) (plaintiff must own property which was damaged to avoid economic loss rule); *Sebago,* 18 F. Supp. 2d 70 at 85 (plaintiffs must make a showing of personal injury to themselves or damage to "'other property' that they

own"). *FMR Corp. v. Boston Edison Co.,* 415 Mass. 393, 394, 613 N.E.2d 902, 903 (1993) (affirming summary judgment in favor of defendant on negligence and warranty claims where plaintiff's damages were solely economic).   Hylas does not claim through Kyle Jachney's affidavit or through any other facts on the record that it has an ownership interest in the property that was allegedly damaged due to defective components.

  Hylas' reliance on *Regina Grape Products Co. v. Supreme Wine Co.,* 357 Mass 631 (1970)*,* a Massachusetts case decided in 1970 is misplaced.  In *Regina,* the disputed contract was between two companies who had a long standing high volume sales relationship for a single product, dry red wine.  *Id.*  When the wine supplier began to supply wine of a varying quality, after historically having supplied a volume of satisfactory wine, the plaintiff purchaser complained and ordered no more wine.  *Id.*  Hylas argues that *Regina* supports its contention that "if the warranty of fitness for a particular purpose arose in tort, the (*Regina)* court would necessarily have barred the claim (for implied warranty for a particular purpose) under the economic loss doctrine" and therefore concludes "a suit on that warranty therefore arises in contract."  Hylas overlooked pointing out  that  the *Regina* court based its decision on the warranty issue in that case on the fact that the product supplied differed from the pre-order sample provided pursuant to M.G.L.c. 106 §2-313(1)(c).

 In sum, Hylas cannot maintain any claim for breach of implied warranty as a matter of law for two reasons: (1) it did not suffer any physical injury or damage to any of its own property, and (2) there is no claim that the components manufactured by Forespar differed from samples provided prior to contracting.

### IV.

### Hylas Has Failed To Specify Facts Sufficient To Support Its Claim for Breach Of Contract

Hylas argues that it has a valid claim for breach of contract because it properly revoked its acceptance of the allegedly non-conforming goods under U.C.C. M.G.L.2-608(1)(b). In support of this assertion it states that it informed Forespar on June 21, 2011

1  (10 months after delivery and nine months after installation) that "the components were
2  allegedly malfunctioning". This is patently illogical. For instance, if a consumer buys a car
3  at an auto dealership, and complains ten months later to the dealer that the brakes don't
4  seem to be working properly, the fact that the dealership called or emailed the brake
5  supplier at that time to report that "the car's brakes are allegedly malfunctioning," cannot
6  constitute a revocation of the acceptance of the product. This is why Mr. Jachney does not
7  state in either his affidavit or his deposition testimony that either he or the plaintiffs
8  "revoked the acceptance" of any of Forespar's components. Hylas also does not specify the
9  basis for what it contends constituted its 'rejection' of the goods. It instead makes another
10 sweeping statement that "to the extent that the goods were non-conforming" Hylas therefore
11 revokes its acceptance.

12 Hylas also did not properly revoke acceptance of the goods under either M.G.L c.
13 106 §2-608(1)(b) or §2-602 . The evidence Hylas cites in support of the validity of its
14 revocation is Hylas' statement that: "On June 21, 2011, after receiving the results of the rig
15 inspection of the Yacht, Hylas sent those results to Forespar and gave it notice of the
16 problems that Sharp was having." (Hylas' supplemental SSUF #67) ***The detailed rigging***
17 ***inspection outlined in that email makes no mention of any concerns or issues with either***
18 ***the gooseneck mast wrap plate or the vang mast wrap plate, the two components at issue***
19 ***in this matter.*** [See copy of email of detailed rig survey attached as **Exhibit One**.]

20 Forespar's first notification that there was an issue regarding the mast wrap plates
21 was received in an email from Plaintiff Nelson Sharp on June 28, 2011 (See SSUF #25 –
22 admitted by Hylas)  At that time, because the vessel was en route to the Azores, Forespar
23 responded with its suggested fix for the described problem (See SSUF #26[2])  Forespar
24 never received any additional complaints or indication of an ongoing problem with its
25 components until it was served with the third party complaint in November of 2011. (See
26 SSUF #30 - Hylas has admitted this undisputed fact to the extent that Hylas did not
27 communicate with Forespar following the June 2011 communication).

---

[2] Denied only to the extent that, to Hylas' knowledge, Forespar never requested to inspect the Yacht and there is no evidence that Hylas denied or interfered with their ability to inspect the Yacht or perform any warranty work.

The *only* communication between Hylas and Forespar with regard to the rig dealt with Hall's rig inspection, with its inspection report making *no* mention of allegations or concerns regarding the mast plates.

### a.

### Hylas Cites to No Facts Supporting the Alleged Breach of the Covenant of Good Faith and Fair Dealing

Hylas again makes a sweeping, blanket statement in support of this cause of action that the covenant of good faith and fair dealing requires that: "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (citation omitted). Forespar doesn't dispute that this states the law. But once again, Hylas *fails to cite any specific facts* in support of its allegation that Forespar either did, or failed to do anything, which had the effect of injuring Hylas' right to receive the fruits of the contract. The fruits of the contract for Hylas was to be paid the purchase price of the boat, and the plaintiff's complaint clearly indicates that the plaintiffs paid the agreed purchase price [see Plaintiff's complaint at paragraph 23]. Instead, Hylas makes another general, conclusory statement that:"the evidence produced in discovery demonstrates that the components have not performed as intended."

### V.

### No Basis for Indemnification (or Contribution)

Hylas' cause of action for indemnity must also fail.[3] Three situations give rise to a right to indemnity: 1) an express contract for indemnification; 2) a contractual right to

---

[3] Hylas' claim for contribution stated in its third party first amended complaint but not mentioned in its opposition to Forespar's MSJ must similarly fail. As in *Smith v. Eriksson,* 3 Mass. L. Rep. 244 (1994) *"*Where, as here, a third-party plaintiff faced with a motion for summary judgment produces no facts to demonstrate that the plaintiff has an underlying cause of action against the third-party defendant, there can be no right of contribution against that third party." *Id.* at 7. In the instant case, Hylas cannot be adjudged liable to Sharp or Destiny Yachts in tort under the Economic Loss Doctrine. However, it is not premature to decide the contribution claim. "If a plaintiff makes no allegation that a third party is negligent and proffers no such evidence, in the absence of any evidence from the defendant that a third party has done anything which may make it directly liable to the plaintiff, a defendant should not be allowed to continue to maintain an action for contribution against a third party." *Id.* The *Smith* court goes on to note "Eriksson understandably may be reluctant to attempt to ferret out facts that may prove that the gel implant actually is dangerous and that it was negligently designed or manufactured and that such negligence has caused Smith to suffer injuries or will cause her to suffer injuries in the future. These facts well may be used against him to increase his own exposure. Nevertheless, Eriksson chose, as a matter of litigation strategy, to file a third-party claim now. If there is no evidence that a third party has been negligent in some

indemnification implied from the relationship between the parties; and 3) a tort based right to indemnification. *Smith v. Eriksson,* 3 Mass.L Rep. 244 (1994). See also *Araujo v. Woods Hole*, 693 F.2d 1, 2 (1st Cir. 1982).

Hylas has not presented any facts nor claimed that there exists an express contract for indemnification between the parties.

In its opposition Hylas describes its right to a claim for indemnification in terms of negligence, a tort based theory, which must fail pursuant to the Economic Loss Doctrine.

All that remains available to Hylas would be a claim for indemnification under a theory of implied contractual indemnification. This theory also fails. After over one year of fact discovery, Hylas has failed to point to *a single, specific fact supporting* its contention that that any of the components Forespar manufactured and supplied were defective. Hylas cannot continue to rely upon *mere allegations.* Hylas' claim is fatally flawed by a *complete failure of proof*. In other words, as far as Hylas' ability or right to assert a claim for indemnity against Forespar, that ship has sailed.

## VI.

## Conclusion

Forespar respectfully requests that this Court grant Forespar's motion for summary judgment or in the alternative summary adjudication for the reasons discussed above.

Dated: June 21, 2013                    By its attorneys,

**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Third Party Defendant
Forespar Products Corp.**

*/s/ Terence S. Cox*
**Terence S. Cox (SBN 076142)**
190 The Embarcadero
San Francisco, California 94105
Telephone No.: (415) 438-4600
Facsimile No.: (415) 438-4601

---

fashion that would expose it to direct liability to the plaintiff, that third party should not be forced to retain a contingent liability on its books until the underlying action has been resolved. Because there is a complete failure of proof concerning an essential element of Eriksson's claim for contribution, namely that Smith has a cause of action against McGhan, summary judgment in favor of McGhan is warranted." *Id.* at 8. Here, as in *Smith,* **Hylas'** *complete failure of proof* should prevent it from maintaining its cause of action for contribution against Forespar.

Case 1:11-cv-11814-JCB   Document 112   Filed 06/21/13   Page 8 of 8

tcox@cwghp.com

**David J. Farrell, Jr.**
**BBO # 559847**
2355 Main Street
P.O. Box 186
S. Chatham, MA 02659
Telephone: 508-432-2121
farrell@sealaw.org

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.2, I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will sent to those indicated as non-registered participants on June 21, 2013.

*/s/ Terence S. Cox*

-8-   Case No.: 11-CV-11814-RBC