UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NELSON SHARP and<br>DESTINY YACHTS, LLC<br><br>    Plaintiffs,<br><br>    v.<br><br>HYLAS YACHTS, INC.<br><br>    Defendant and Third-Party Plaintiff,<br><br>    v.<br><br>FORESPAR PRODUCTS CORP. and<br>GMT COMPOSITES, INC.<br><br>    Third-Party Defendants | Docket Number<br><br>1:11-CV-11814-RBC |

## AFFIDAVIT OF KYLE JACHNEY

I, Kyle Jachney ("Jachney"), on personal knowledge, information and belief, and on oath, do state and depose as follows:

1. I am the vice president of Hylas Yahcts, Inc. ("Hylas").

2. Attached as <u>Exhibit 1</u> is a true and accurate copy of the sales order for the components that Hylas purchased from Forespar.

3. Attached as <u>Exhibit 2</u> is a true and accurate copy of the plans that Forespar received from GMT.

4. Attached as <u>Exhibit 3</u> is a true and accurate copy of the plans that Forespar produced to Hylas.

5. Hylas has worked with and purchased products from Forespar for over fifteen years.

1

6. Hylas remains loyal to Forespar because it stands behind the quality products that it produces and that the purchasers of Hylas's multi-million dollar yachts demand.

7. The nature of this segment of the yachting industry, moreover, requires considerable after sale support by Hylas and its suppliers to the purchasers of its yachts.

8. If Forespar did not stand behind and warrant the high quality of its products, Hylas would not do business with it.

9. Forespar has built booms, masts, and other components for numerous Hylas vessels.

10. Forespar made clear to me throughout its relationship with Hylas that it designs and manufactures a high quality product. If there are any defects or other problems in the manufacture of the components, Forespar agrees to correct the problems.

11. Based on innumerable representations made to me by Forespar and based on my experience with it, Forespar warrants all products manufactured by it to be free from factory defects in material and workmanship under normal use and with normal maintenance.

12. In one instance, there was a mechanical issue with the furling system on a Hylas 70, and Forespar stood behind its product and made a substantial financial payment towards the settlement of that issue.

13. On at least four other occasions prior to the problems with Sharp's Yacht, Hylas or the owner of the vessel notified Forespar of defects in the design or manufacture of its components installed on a Hylas yacht.

14. In every instance, Forespar acknowledged its obligations and promptly and timely made necessary repairs and/or replacements of the defective components.

15. During these instances, Forespar again stated to me in detail and with particularity that they would honor their warranty to us, stand behind their products, and replace any defects.

2

16. Hylas works with Forespar in part because it has represented to me on numerous occasions that it will stand behind its products.

17. Forespar has expressly stated to me that if I have a problem with the manufacture or design of any of the components, Forespar will fix the problem or replace the component.

18. Forespar has instructed me to put them on notice of the nature of the problem so that it can request shipment of the product back to its California factory or to send a representative to inspect the product on site.

19. These were express, verbal statements made to Hylas and me on numerous occasions over the course of Hylas's relationship with Forespar.

20. Forespar has never stated to me when I brought to its attention a manufacturing defect that it was unwilling to correct or replace the defective component.

21. Hylas relied—as it always has—on Forespar's expertise in manufacturing the mast, vang, and gooseneck for Hull No. 9 ("the Yacht").

22. Forespar knew that the components were being custom-made for the Yacht and that Hylas would be relying on its expertise to build working components.

23. Forespar designed and fabricated the mast for the Yacht on its own. See Exhibit 3.

24. On June 21, 2011, after receiving the results of the rig inspection of the Yacht, I immediately sent those results to Forespar and gave it notice of the problems that Sharp was having.

25. Forespar never requested of Hylas to inspect the Yacht or request of Hylas that the allegedly defective components be shipped back to its factory.

26. Forespar was kept informed about the repairs made to the gooseneck bracket component.

27. GMT provided the specifications for the vang plate and the gooseneck to Forespar. <u>See Exhibit 2</u>.

28. At no time during the course of the matters pertaining to the Plaintiff's Yacht except for after the commencement of suit by Nelson Sharp has Forespar ever stated to me that it did not intend to honor any warranty or make any repairs tot Sharp's Yacht.

29. Hylas hired Storm Rigging—a separate entity—to install the mast onto the Yacht.

4

Signed this day under the pains and penalties of perjury,

12-3-14

_____
Kyle Jachney, Vice President
Hylas Yachts

5