UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NELSON R. SHARP and DESTINY YACHTS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HYLAS YACHTS, INC., <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> FORESPAR PRODUCTS CORP., GMT COMPOSITES, INC., and MASTERVOLT, INC., <br><br> Third-Party Defendants, | Civil Case No. 11-11814-JCB |

**CONFIDENTIALITY AGREEMENT**

**WHEREAS**, this Confidentiality Agreement ("Agreement") will facilitate the exchange of information in the matter of *Sharp et al. v. Hylas Yachts LLC*, 1:11-cv-11814-JCB, by protecting such information from unnecessary disclosure to others, Hylas Yachts, Inc., hereby stipulates and agrees as follows:

1.  This Agreement applies to computer programs and hardware used by an expert of the plaintiffs, Donald MacPherson of HydroComp, Inc. This material is confidential and proprietary to HydroComp, Inc. Such material shall generally be referred to herein as the "Confidential Material" and shall be marked "Confidential Material."

2.  The Confidential Material shall be used only for purposes in this litigation and for no other purpose.

3.  Nothing in this Agreement shall be construed to convey to Hylas Yachts, Inc., any license to use, sell, exploit, copy, or further develop the Confidential Material. The Confidential Material shall not be copied in any capacity.

4. The Confidential Material (including any materials referencing the Confidential Material) shall not be disclosed or disseminated to any person except:

(a) Hylas Yachts, Inc., and their counsel and any paralegal assistants and stenographic and clerical employees working under the direct supervision of such counsel in connection with this litigation;

(b) experts or consultants retained by Hylas Yachts, Inc., or its counsel in connection with this litigation; and

(c) judges, magistrates, clerks, or other courtroom personnel in connection with this litigation.

5. Persons authorized by Paragraphs 4(a)-(b) of this Agreement to receive the Confidential Material shall maintain such information as confidential consistent with the terms of this Agreement and shall agree to be bound by the terms of this Agreement.  In addition, Hylas Yachts, Inc., shall inform any Person who receives the Confidential Material pursuant to Paragraph 4(c) that the information is confidential and shall ask any such Person to maintain such information as confidential consistent with the terms of this Agreement.

6. Upon any such breach, HydroComp, Inc. shall be entitled to appropriate equitable relief, in addition to whatever remedies it might have at law.  Hylas will make all reasonable efforts to retrieve the Confidential Material and prevent further disclosure.

7. The confidentiality obligation of this Agreement shall apply to the Confidential Material for the period commencing with its approval by the United States Court for the District of Massachusetts and ending upon Hylas Yachts, Inc.'s return of the Confidential Material to HydroComp, Inc., within ten days of the conclusion of this litigation (defined as the exhaustion of all appeals).

8. Within ten days of the conclusion of this litigation (defined as the exhaustion of all appeals), Hylas Yachts, Inc. shall return all the Confidential Material, including any copies, images, or materials referencing the Confidential Material, to HydroComp, Inc.

IT IS SO AGREED this 25th day of June, 2015.

| | |
|---|---|
| For Non-Party Expert,<br>For HydroComp, Inc. | For the Defendant,<br>Hylas Yachts, Inc. |
| /s/ Christian G. Samito | /s/ Jeffrey S. Baker |
| Christian G. Samito, BBO # 639825<br>Samito Law, LLC<br>15 Broad Street<br>Suite 800<br>Boston, MA 02100<br>(617) 523-0144<br>Email:  Christian@samitolaw.com | Jeffrey S. Baker, BBO # 544929<br>Baker and Associates<br>2 West Hill Place<br>Suite 100<br>Boston, MA 02114<br>(617) 573-9505<br>Email: Bakerlaw@aol.com |

**So ordered:    /s/  Jennifer C. Boal**
             **The Hon. Jennifer C. Boal**

**Dated: June 25, 2015**